Jonathan Shub (C.A. Bar No. 237708)
Kevin Laukaitis *
**SHUB LAW FIRM LLC**
134 Kings Hwy. E., 2ⁿᵈ Floor
Haddonfield, NJ 08033
Tel: (856) 772-7200
Fax: (856) 210-9088
jshub@shublawyers.com
klaukaitis@shublawyers.com

Troy M. Frederick *
Beth A. Frederick *
**FREDERICK LAW GROUP, PLLC**
836 Philadelphia Street
Indiana, PA 15701
Tel: (724) 801-8555
Fax: (724) 801-8358
tmf@fredericklg.com
baf@fredericklg.com

Keith T. Vernon *
Andrew Knox *
**TIMONEY KNOX, LLP**
400 Maryland Ave, PO Box 7544
Fort Washington, PA 19034-7544
Tel: (215) 646-6000
Fax: (215) 591-8258
kvernon@timoneyknox.com
aknox@timoneyknox.com

*Attorneys for Plaintiff and the Proposed Class*
*\*Pro Hac Vice Application Forthcoming*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PRICE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC., a California corporation,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1697079-1

Plaintiff, Matthew Price, by and through his undersigned counsel, Shub Law Firm LLC, Frederick Law Group, PLLC, and Timoney Knox, LLP, on behalf of himself and all others similarly situated, brings this Class Action Complaint against Apple, Inc. (hereinafter "Apple" or "Defendant"), and alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, alleges, upon information and belief based upon, *inter alia*, investigations conducted by his attorneys:

## NATURE OF THE CASE

1.     This is a class action lawsuit brought by Plaintiff, Matthew Price, individually and on behalf of Classes of consumers against Apple.

2.     Plaintiff and Class Members each had an Apple ID and/or purchased, "Apps"[1] and/or "Content" including movies, music, games, media, books, and/or made in-app purchases of "Content" and/or "Services"[2] (collectively "Content") through the use of an Apple ID[3] via either an Apple device, such as an iPhone, iPad, Mac, Apple Watch, and/or Apple TV, and/or a non-Apple manufactured device.

3.     Apple designs, manufactures, and markets smartphones, personal computers, tablets, watches, and accessories, and sells, or otherwise makes available, related Content.

---

[1] The Apple Media Service Terms and Conditions last updated September 16, 2020,attached hereto as "Exhibit A," states that the term "App" "includes apps and app clips for any Apple platform and/or operating system, including any in-app purchases, extensions (such as keyboards), stickers, and subscriptions made available in such apps or app clips."

[2] "This Agreement governs your use of Apple's services ("Services"), through which you can buy, get, license, rent or subscribe to content, Apps [], and other in-app services (collectively, "Content"). Content may be offered through the Services by Apple or a third party." (*See* "Exhibit A").

[3] "An Apple ID is the account you use across Apple's ecosystem." (*See* "Exhibit A"). It consists of an email address and a password to log-in to access Content.

1697079-1

1

2          4.      Apple consumers who want to obtain Content, iCloud storage, or make in-app

3     purchases must do so through Apple, using an Apple ID.  Apple consumers must create an Apple

4     ID and register a valid method of payment to make payments to Apple for any purchases made

5     through Apple.  Even free Apps, content, and services obtained through Apple require an Apple

6     ID and valid method of payment.  The following is a snip from Apple's website that further

7     explains this process:[4]

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24



25

26

27

28

---

[4] https://support.apple.com/en-us/HT202631

5.      As part of the related content and services that it sells, Apple operates various platforms, including its App Store.  The App Store is a digital distribution platform, developed and maintained by Apple, for mobile applications ("Apps") on its iOS & iPadOS operating systems.  The App Store allows consumers to browse, download, and/or purchase Apps developed with Apple's iOS Software Development Kit.  Apps can be downloaded on the devices that Apple manufactures and sells, such as iPhones, iPads, Macs, Apple Watches, and/or Apple TVs.

6.      To purchase and/or access services, Apps, and/or Content through Apple, one must do so using an Apple ID.  The following are snips from Apple's website which describe the importance of an Apple ID[5]:



Your Apple ID is the account you use to access Apple services like the App Store, Apple Music, iCloud, iMessage, FaceTime, and more. It includes the email address and password you use to sign in as well as all the contact, payment, and security details you use across Apple services.

These are some of the most widely used services that you access with your Apple ID:

- App Store & Apple Arcade
- Apple Books
- Apple Fitness+
- Apple Music & music purchases
- Apple News
- Apple Online Store
- Apple Pay, Apple Card, and Apple Cash
- Apple Podcasts
- Apple Retail services and programs (Concierge, Joint Venture, workshops, and youth programs)

- Apple Store app
- Apple Support Communities
- Apple TV, Apple TV+, and Apple TV channels
- FaceTime
- Family Sharing
- Find My
- Game Center
- iCloud
- iMessage
- iTunes
- Sign in with Apple

7.      Apple acknowledges, in its *Apple Media Services Terms and Conditions* (attached hereto as Exhibit "A"), that "[u]sing our Services and accessing your Content may require an Apple ID.  An Apple ID is the account you use across Apple's ecosystem.  Use of Game Center is subject to this Agreement and also requires a Game Center account.  **Your account is valuable**, and you are responsible for maintaining its confidentiality and security." (Emphasis added) *Exhibit A*.

8.      Without an operable Apple ID, not only can one not access the Content they have already purchased but the functionality of any related Apple Devices is vastly diminished.

9.      As such, Apple is correct that its customers' Apple ID accounts are valuable.

10.     Plaintiff has expended $24,590.05 for purchased Content, consisting of related services, Apps, and Content, including in-App purchases, programs and platform extensions, accessible only through the use of the Apple ID.

11.     Despite knowing and publicly acknowledging that its customers' accounts are "valuable," Apple has included an unlawful, unconscionable clause in its *Apple Media Services*

4

CLASS ACTION COMPLAINT

*Terms and Conditions* which permits Apple to, unilaterally, without adequate notice, discernable process or explanation, permanently terminate its customers' Apple IDs and preclude access to the services and Content its customers have already purchased.

12.     Further, Apple may do so based merely on Apple's *suspicion* that they breached its *Terms and Conditions*. *Id.* Apple's unlawful and unconscionable clause states:

TERMINATION AND SUSPENSION OF SERVICES

> If you fail, **or Apple suspects that you have failed**, to comply with any of the provisions of this Agreement, Apple may, without notice to you: (i) **terminate this Agreement and/or your Apple ID**, and you will remain liable for all amounts due under your Apple ID up to and including the date of termination; and/or (ii) terminate your license to the software; and/or (iii) preclude your access to the Services.
>
> Apple further reserves the right to modify, suspend, or discontinue the Services (or any part or Content thereof) at any time with or without notice to you, and Apple will not be liable to you or to any third party should it exercise such rights.

(Emphasis added)

13.     Apple's unlawful and unconscionable clause acts as a prohibited *de facto* liquidated damages provision which is triggered when Apple suspects its customers have breached its *Terms and Conditions*.  In the event of a suspected breach, Apple permanently terminates its offending customers' Apple IDs, thus depriving them of all the Content they purchased through Apple.

14.     Additionally, for those Apple customers who have purchased Apple devices, such as iPhones, iPads, Macs, Apple Watches, and/or Apple TVs, those devices have been substantially diminished in value because they cannot be used to access the services and Content they purchased through Apple.

15.     Apple permits the customers whom it suspects breached its *Terms and Conditions* to immediately create new Apple IDs so they can *repurchase* all the services and Content they already purchased and owned.

16.     The following is a small sampling of complaints regarding Apple's unconscionable practices:



Q: I was told that my apple id was permanently disabled after contacting the customer about an in-app purchase, and got no help after contacting 3 advisors.

I was not able to make an in-app purchase in a game, all of a sudden, couldn't made purchase several days ago. I tried all the payment methods, all my credit cards, PayPal, I event tried to transfer cash to apple balance, NONE of them worked.  Error message was 'please contact itunes support'. So i did, and the woman tried something like ten times, asked me to try to make the purchase again and again, failed. So she said she needed to LOCK my account for review for 48 hours, asked me if that was ok. So I said yes.

She didn't contact me on Saturday as she said she would.

Then today, at 6AM in the morning, I got a phone call from the woman, telling me that my account was permanently disabled because I violated some terms, which she didn't know which one. And she said that I need to create a new apple id and re-purchase all my apps and service?!!! Why would I do that?????? What have I done to be treated this way??!!! THIS IS THE MOST OUTRAGEOUS THE RIDICULOUS customer support I've ever had in my life!

The new advisor just told me  that if I want to find out why my account is locked, I need to talk to a layer, and I'm planing to do so now.  I'd really appreciate if anyone has any other advice.

Posted on Apr 6, 2020 8:33 AM

Reply    |    I have this question too (56)

(Emphasis added) https://discussions.apple.com/thread/251251421

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

isabbath

· Level 1 (4 points)    Apple ID

Q: Apple ID permanently disabled with little to no help at Apple Customer Support

I am a regular customer in purchasing apps and itunes musics. One day in January 2019, I received a purchase error message, so I contacted Apple customer support hoping to resolve this issue. The product I was purchasing is in app currency for a popular game "Epic Seven" which still remains in the app store as of 10/16/2019. This lead to a chain of discussing and apple permanently disabling my apple ID saying standard legal fluff like I am in violation of their terms of sales and services. I was always careful with Apple and had stored apple gift card balance into my apple account and made sure I have sufficient funds for the apps or products I was purchasing.

I called apple support numerous times, but they were no help. They told me everything I purchased and the funds I have in my apple account is permanently locked. Furthermore, apple support's only response was for me to open a new apple account... which is not solving or providing any relevant information to prevent the same problem from happening again.

Frustrated, I searched online for a similar situation and stumbled across this forum discussion:
https://discussions.apple.com/thread/3660791
In the post, user TehCount seem to have the same problem as me. I do believe my case is apple incorrectly flagging my purchase. At this point in time 10/16/2019, I am just tired and exhausted all the possible solution/phone calls.

Posted on Oct 16, 2019 11:14 AM

(Emphasis added) https://discussions.apple.com/thread/250752046

CLASS ACTION COMPLAINT

1697079-1

1

2

**TehCount**
  · Level 1  (1 points)

3

4

Q: My Account Closed with Phony Explanation!

5

I haven't been this angry with a company in a long time. I've had my Apple ID for 4+ years, and I have bought hundreds of apps and songs with it. It's assigned to my only and primary email. Last year my account was hacked and somebody purchased Chinese apps using a (stolen?) credit card. My credit card and information on the account was completely changed. Apple disabled my account and I needed to reset my password and change everything back.

6

7

Last week I attempted to update my iPad2 apps and recevied a message, "Your Apple ID has been disabled". Thinking my account had again been hacked, I quickly checked my iTunes purchase history.. No issues there and everything looked legit. I changed my password, but my account was still disabled. I then filed a support ticket. I received this explanation:

8

9

*"The owner of a credit card that was associated with your account has refuted iTunes Store charges, made with your account, with his or her credit card company."*

10

I have not disputed or even talked to my credit card company in months. I have made purchases with the card every day, with no issue. I have nothing in my iTunes purchase history which is not accounted for on my credit card statement. Yet Apple claims that I have refuted an iTunes store charge, and just decided the best way to handle this was to permanently close a long standing account!

11

12

13

I have and will continue contacting Apple until I found out what is going on here. After spending probably close to $1000 in apps I find it absolutely ridiculous that they are just going to kill my account, making it impossible for me to update any of my apps.

14

15

16

iPad 2, iOS 5.0.1

Posted on Jan 17, 2012 1:09 AM

17

18

(Emphasis added) https://discussions.apple.com/thread/3660791

19

Jsjxyz   ·  Level 1 (6 points)

20

Feb 24, 2012 5:51 PM in response to TehCount

21

Same thing's happening to me,

22

What I am so dissapointed, is I couldn't upgrade my apps both in iOS and Mac.

23

It would be understandable if Apple disallow me to purchase a new ones, but they should honor the past purchases.

24

Think about all the apps that I had been paid and all the games that had reach a certain levels that I have to replay from beginning again.

25

26

Jerry

27

(Emphasis added) *Id.*

28

---



(Emphasis added)

https://www.reddit.com/r/applehelp/comments/cpukmf/apple_id_disabled_again/

1697079-1

1

Posted by u/nhat_322 7 months ago 🟨

2

## Your account has been disabled in the App Store and iTunes

3

4

So this happened to my apple account last night,
Called the apple support with my phone,
the first time and the second time, they said it was the system ban it not them, they can't state the specific reason that got me ban just that i violated the TOS, and nothing they can do about it.

5

6

Very frustrated with phone support so I tried to contact apple support through online chat, and they said that i need to contact phone support cuz chat channel cant help me with this.

7

Im sure that I didnt violate any Tos like the support said, everything from my ID is real information, name, phone number, billing address, I bought the itunes gift card at the supermarket so i dont think that would be the problem, still have the physical card and bill.

8

9

Called the apple support for a third time, tried my luck with an english speaking one (Im not from an english speaking country), he still said the same think as the previous one like a scripts. I told him how frustrated and insecured I am about the sistuation, I told him that I need a specific reason how i got ban to keep this from happening again, and he said that I should use credit card and not gift card LOL. So if its like that so what the point of gift card if even legitimately buying one could lead to your account suspension.

10

11

12

13

So in the result, nothing worked out, my account got banned along with the remaining itunes credit in it, and they suggested that I create a brand new one cuz my appid is gone for good.

14

Lost my trust on apple now this makes me feel really insecure that this might happen again, if anyone can tell me any way to resolve this or to prevent this from happening again please tell me.

15

16

(Emphasis added)

17

https://www.reddit.com/r/apple/comments/hz8eko/your_account_has_been_disabled_in_the_app_store/

18

19

     17.    To make matters worse, when Apple terminates customers' Apple IDs, Apple also

20

prevents these customers from accessing unused funds they may have stored in their Apple

21

Accounts.

22

     18.    Upon information and belief, Apple has sold over 1.5 billion active Apple devices,

23

and the vast majority of these devices are associated with an Apple ID.[6]  As such, the owners of

24

these Apple devices have either already been or are at risk of falling victim to Apple's unlawful

25

26

practices as set forth herein.

27

_____

28

[6] https://9to5mac.com/2020/01/28/apple-hits-1-5-billion-active-devices-with-80-of-recent-iphones-and-ipads-running-ios-13/ (last accessed on March 17, 2021).

19.     Defendant's conduct is unfair, unlawful, fraudulent, and illegal.   As such, Defendant's practices violate Cal. Civ. Code § 1671(d), California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*. ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"), and California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq*. ("FAL").   Plaintiff also brings claims for Conversion, Trespass to Chattels, and Unjust Enrichment.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).   The amount in controversy exceeds the aggregate sum of $5,000,000 exclusive of interest and costs, there are over 100 putative class members, and minimal diversity exists because at least one member of the Class is a citizen of a different state than Defendant.

21.     This Court has personal jurisdiction over Defendant because it is authorized to and regularly conducts business in California and its principal place of business is in California.

22.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## INTRADISTRICT ASSIGNMENT

23.     Pursuant to Civil Local Rule 3-2(c-e), a substantial part of the events giving rise to the claims herein arose in Santa Clara County, California, and this action should be assigned to the San Jose Division.

## THE PARTIES

24.     Plaintiff, Matthew Price, is an adult citizen and resident of Pennsylvania, residing in Cambria County, Pennsylvania.

25.     Defendant Apple is a California corporation with its headquarters and principal place of business in Cupertino, California, which lies within this District. Apple is a citizen of California. In addition to being headquartered and having its principal place of business in Cupertino, California, Apple transacts substantial business throughout the State of California, through advertising, marketing, and ownership of numerous Apple retail stores throughout California, including several in this District. Further, substantially all of the misconduct alleged in this Complaint occurred in and/or emanated from this district in California.

## FACTS

26.     At all times relevant hereto, Mr. Price has owned an iPhone, iPad, and MacBook Pro. Since January 8, 2015, he has purchased $24,590.05 in Services and Content through Apple, using a single Apple ID, for use on his Apple devices.

27.     At all times relevant hereto, Mr. Price had an Apple ID and was subject to Apple's *Terms and Conditions*.

28.     On or around October 29, 2020, Apple determined that Mr. Price breached its *Terms and Conditions* and, without notice, explanation, policy or process, terminated Mr. Price's Apple ID which has deprived him of the $24,590.05 of services and Content he purchased through Apple.

29.     Mr. Price also had $7.63 of unspent funds in his Apple account when Apple terminated his Apple ID. Now, Mr. Price can no longer access or spend those funds. *The following is a screen shot of Mr. Price's Apple Account Balance.*[7]

---

[7] Screen Shot taken on April 6, 2021.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17    30.    Prior to the time that Apple terminated Mr. Price's Apple ID, he specifically

18 purchased an Apple device, an iPad Pro, to maximize the Services and/or Content he purchased

19 with his Apple ID and upon the termination of his Apple ID, the value and usefulness of the

20 device Mr. Price purchased was significantly diminished.

21    31.    Apple has collected significant revenues from terminating Plaintiff's and the

22 Class's Apple IDs.

23

24    32.    If and to the extent that Apple suffers, would suffer, or has suffered any damage

25 upon the breach of its *Terms and Conditions* by Plaintiff and the Class, it is neither impracticable

26 nor extremely difficult to determine the actual damages.

27
28

33.     Furthermore, if and to the extent that Apple suffers, would suffer, or has suffered any damage upon the breach of its *Terms and Conditions* by Plaintiff and the Class, the value of Plaintiff's and the Class's Apple IDs are not a reasonable measure or approximation of such damages and do not provide fair average compensation therefore.

34.     Depriving Plaintiff and the Class of the value of their Apple IDs, under the circumstances existing at the time when Plaintiff and the Class agreed to the *Terms and Conditions*, was unreasonable.

35.     Upon information and belief, Apple does not conduct a reasonable endeavor to fix fair average compensation for losses, if any, that it incurs, would incur, or has incurred by virtue of any breach of its *Terms and* Conditions.

36.     Further, termination of their Apple IDs upon any breach of Apple's *Terms and Conditions* was not negotiated or discussed with Plaintiff or the Class at any time relevant hereto.

37.     Apple's termination of Plaintiff's and the Class's Apple IDs is unconscionable, void, and unenforceable under *Civil Code §§ 1670.5, 1671(b),* and/or *1671(d)*, constitutes an unlawful, unfair, and deceptive practice under the UCL, and violates the CLRA, including without limitation *Cal. Civil Code §§ 1770(a)(4), (a)(9), (a)(14), (a)(16) and (a)(19).*

38.     Accordingly, Plaintiff, on behalf of himself and all others similarly situated, seeks to enjoin Apple from continuing its unlawful conduct, as set forth herein, and seeks to recover money paid to and through Apple for Apps, music, movies, TV shows, books, Services and/or other Content they purchased but were prohibited from accessing when Apple unlawfully terminated their Apple IDs.

## CLASS ACTION ALLEGATIONS

39.     Pursuant to the provisions of *Federal Rules of Civil Procedure 23(a), (b), and (c)*, Plaintiff brings this action on behalf of himself and the following Nationwide Class (the "Nationwide Class"):

> **All persons in the United States who own an Apple device and/or who had an Apple ID who had their account terminated pursuant to the Termination and Suspension of Service provision in the Apple Media Services Terms and Conditions.**

40.     Pursuant to the provisions of *Federal Rules of Civil Procedure 23(a), (b), and (c)*, Plaintiff brings this action on behalf of himself and the following Subclass (the "Subclass"):

> **All persons in the United States who own an Apple device and/or who had an Apple ID who had their account terminated pursuant to the Termination and Suspension of Service provision in the Apple Media Services Terms and Conditions and whose Account carried a positive balance at the time Apple terminated the Account.**

41.     The Nationwide Class and Subclass are referred to collectively herein as the "Classes."

42.     Excluded from the Classes are Apple itself, any entity in which Apple has controlling interests, and Apple's officers, directors, legal representatives, successors, subsidiaries, and assigns; and any judicial officer presiding over this matter, members of their immediate family, members of their judicial staff, and any judge sitting in the presiding court system who may hear an appeal of any judgment entered.

43.     Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of his claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

44.     This action has been brought and may be properly maintained on behalf of the Classes proposed herein under *Rule 23* of the Federal Rule of Civil Procedure and satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of its provisions.

45.     Plaintiff reserves the right to amend the Class and/or Subclass definitions based on information learned through discovery.

46.     **Numerosity - *Fed. R. Civ. P. 23(a)(1)***: Consistent with *Rule 23(a)(1)*, the members of the Classes are so numerous and geographically dispersed that the joinder of all members is impractical.  While the exact number of Class Members and Subclass Members (collectively, "Class Members") is unknown to Plaintiff at this time, there are hundreds of thousands of Apple customers who have, or have had, an Apple ID, who owned an Apple Device(s), and/or who had Apple terminate their Apple IDs during the class period and/or have been prevented from accessing any unused money in their Apple Accounts. The members of the Classes can be readily identified through Apple's records.

47.     **Commonality and Predominance - *Fed. R. Civ. P. 23(a)(2)*** and ***(b)(3)***: This action involves common questions of law and fact that predominate over any questions affecting individual Class Members.  The common questions include, but are not limited to:

  a.     Whether Defendant engaged in the conduct alleged herein;

  b.     Whether Defendant included an unconscionable clause in its *Terms and Conditions*;

  c.     Whether Defendant included a prohibited *de facto* liquidated damages clause in its *Terms and Conditions*;

  d.     Whether Defendant committed trespass to chattels when it terminated its customers' Apple IDs;

1697079-1

e.   Whether Defendant unlawfully converted Plaintiff's and the Classes' property when it terminated their Apple IDs;

f.   Whether Defendant's practice of terminating Plaintiff's and the Classes' Apple IDs is unconscionable;

g.   Whether Defendant's practice of terminating Plaintiff's and the Classes' Apple IDs violates the UCL;

h.   Whether Defendant's practice of terminating Plaintiff's and the Classes' Apple IDs violates the CLRA;

i.   Whether Defendant's practice of terminating Plaintiff's and the Classes' Apple IDs violates the FAL;

j.   Whether Plaintiff and the Classes are entitled to restitution of the value of their Apple IDs after Apple terminated them;

k.   Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit;

l.   Whether Defendant should be enjoined from terminating its customers' Apple IDs.

m.   Whether Defendant violated *Cal. Civ. Code § 1671(d)*;

n.   Whether Plaintiff and the Classes are entitled to recover monetary damages for the services and Content they paid for and lost access to when Defendant terminated their Apple IDs;

o.   Whether the value of Plaintiff's and the Classes' Apple devices was diminished when Apple terminated their Apple IDs;

p.   Whether Plaintiff and the Classes are entitled to recover monetary damages for the diminished value of their Apple devices when Apple terminated their Apple IDs;

q.   Whether Plaintiff and the Classes have sustained financial loss and the proper measure of any such financial loss;

r.   Whether Plaintiff and the Classes are entitled to damages, and the proper measure of any such damages;

s.   Whether Defendant has been unjustly enriched at the expense of Plaintiff and the Classes;

t.      Whether Plaintiff and the Classes are entitled to injunctive relief; and

u.      Such other common factual and legal issues as are apparent from the allegations and causes of action asserted in this Complaint.

48.    **Typicality - _Fed. R. Civ. P. 23(a)(3)_**: Plaintiff's claims are typical of other Class members' claims because Plaintiff and Class Members were, or may be, subjected to the same allegedly unlawful conduct and were, or may be, damaged in the same way, _i.e._, they all lost the value of their Apple accounts when Apple terminated their Apple IDs or are risk of the same.

49.    **Adequacy - _Fed. R. Civ. P. 23(a)(4)_**:  Consistent with _Rule 23(a)(4)_, Plaintiff will fairly and adequately represent the Classes.  Plaintiff has the best interests of the members of the Classes in mind.  Plaintiff has no conflicts of interest with the Classes.  Plaintiff's counsel are competent and experienced in litigating class actions, including extensive experience in consumer protection claims.  Plaintiff intends to vigorously prosecute this case.

50.    **Superiority - _Fed. R. Civ. P. 23(b)(3)_**: A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the Classes is impracticable.  Many members of the Classes are without the financial resources necessary to pursue this matter.  Even if some could afford to litigate claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed.  Individual litigation increases the time and expense of resolving a common dispute concerning Defendant's actions toward an entire group of individuals. Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economies of scale, and comprehensive supervision over the entire controversy by a single judge in a single court.

51.     The Classes may be certified pursuant to *F.R.C.P. 23(b)(2)* because Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the claims raised by the Classes.

52.     The Classes may also be certified pursuant to *F.R.C.P. 23 (b)(3)* because questions of law and fact common to members of the Classes will predominate over questions affecting individual members, and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of action described in this Complaint.

53.     The claims asserted herein are applicable to Plaintiff and members of the Classes.

54.     Adequate notice can be given to Class Members directly using information maintained in Defendant's records or, if necessary, through notice by publication.

55.     Damages may be calculated from the data maintained in Defendant's records, so that the cost of administering a recovery for the Classes can be minimized.

## CAUSES OF ACTION

## COUNT I

### Violations of Cal. Civ. Code § 1671(d)

56.     Plaintiff hereby incorporates the foregoing paragraphs as though the same were set forth herein in their entirety.

57.     Plaintiff brings this claim individually and on behalf of the members of the Classes against Apple.

58.     *Civil Code § 1671(d)* states that a contractual provision, in a contract for the retail purchase or rental of personal property or services primarily for the party's personal, family, or household purposes, liquidating damages for the breach of the contract, is void except that the parties to such a contract may agree therein on an amount that shall be presumed to be the amount

of the damage sustained by a breach thereof, when, from the nature of the clause, it would be impracticable or extremely difficult to fix that actual damage.  Apple's *Terms and Conditions* is a contract for the purchase of services primarily for personal, family, or household use by Plaintiff and the Class.

59.     Once Apple determined that Plaintiff and the Class Members breached its *Terms and* Conditions, Apple's termination of their Apple IDs constitutes an impermissible liquidated damages provision under California law.

60.     Here, Apple's termination of Plaintiff's Apple ID resulted in damages of $24,590.05 to Plaintiff.

61.     The subject liquidated damages clause states:

TERMINATION AND SUSPENSION OF SERVICES

**If you fail, or Apple suspects that you have failed, to comply with any of the provisions of this Agreement, Apple may, without notice to you: (i) terminate this Agreement and/or your Apple ID, and you will remain liable for all amounts due under your Apple ID up to and including the date of termination; and/or (ii) terminate your license to the software; and/or (iii) preclude your access to the Services.**

Apple further reserves the right to modify, suspend, or discontinue the Services (or any part or Content thereof) at any time with or without notice to you, and Apple will not be liable to you or to any third party should it exercise such rights.

(Emphasis added).

62.     While Apple does not identify this clause in its *Terms and Conditions* as a liquidated damages provision, it nonetheless operates as such a provision.

63.     The clause at issue is a liquidated damages clause because, while it does not state a fixed and certain amount, it provides a formula by which the amount is certain or readily ascertainable.

64.     Here, the amount is certain and/or readily ascertainable because the amount of the liquidated damages is  the value of the breaching customer's Apple ID when Apple terminates it. While the value of each customer's Apple ID may vary, the value of the account when Apple terminates the Apple ID is the liquidated damage.

65.     The termination of Plaintiff's and the Classes' Apple IDs, the contractual provisions that provide for them, and the imposition of the same by Apple - violate *Civil Code § 1671(d)* and are unlawful, void, and unenforceable under that statute.

66.     If and to the extent that Apple suffers, would suffer, or has suffered any damages due to the breach of its *Terms and Conditions* by Plaintiff or members of the Classes, it would not be impracticable, nor would it be difficult, to determine them with certainty.

67.     Furthermore, the liquidated damages, provided for in the *Terms and Conditions*, do not reflect a reasonable endeavor by Apple to fix fair average compensation for any harm that Apple would suffer, may suffer, or has suffered, if any, from said breaches.

68.     The *Terms and Conditions* is a contract of adhesion drafted by Apple and presented to its customers on a "take it or leave it" basis with no opportunity for any prospective customer to negotiate any of its provisions.

69.     The provision in the *Terms and Conditions* that permits Apple to terminate its customers' Apple IDs is a liquidated damages provision that fails to comply with the standards set forth in *Civil Code § 1671(d)*, and therefore constitutes impermissible contractual penalties.

70.     Apple's termination of Plaintiff's and the Classes' Apple IDs violates, and at all times relevant hereto, has violated, *Civil Code § 1671(d)*.

71.     Plaintiff and the Classes have suffered an injury in fact resulting in the loss of money and/or property, *i.e.* the services and Content accessible only through their Apple IDs – or

the value thereof, and the Apple account balance, as a proximate result of Apple's violations of law and wrongful conduct alleged herein.

72.     Pursuant to *Civil Code § 1671(d)*, Plaintiff individually and on behalf of the Classes, seeks an order of this Court preliminarily and permanently enjoining Apple from terminating Apple IDs for breach of its *Terms and Conditions* as alleged herein.

73.     Plaintiff also seeks, *inter alia*, an order requiring Apple to:

    a.     cease its unlawful acts and practices as set forth herein;

    b.     make full restitution of the value of all terminated Apple IDs;

    c.     make full restitution of the diminished value of all Apple devices that had a terminated Apple ID associated with them;

    d.     disgorge all ill-gotten revenues and/or profits; and

    e.     provide such other and further relief as may be just and proper.

**WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

## COUNT II

**Violation Of California's Consumers Legal Remedies Act ("CLRA"),
California Civil Code §§ 1750, *et seq.***

74.     Plaintiff hereby incorporates the foregoing paragraphs as though the same were set forth herein in their entirety.

75.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

76.     This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

77.     Plaintiff and the other members of the Classes are "consumers," as the term is defined by California Civil Code § 1761(d), because entered into Apple's contract and/or transaction for the purchase of services primarily for personal, family, or household purposes.

78.     Plaintiff and the other members of the Classes, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

79.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers, consumer transactions, and/or consumers entering into contracts with Defendant.

80.     Defendant violated the CLRA by representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law, as identified herein above.

81.     Defendant also violated the CLRA by inserting an unconscionable provision in the contract, as identified herein above.

82.     As a result of engaging in such conduct, Defendant violated California Civil Code §§ 1770(a)(4), (a)(9), (a)(14), (a)(16) and (a)(19).

83.     Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff, on behalf of himself and the Classes, mailed a letter to Defendant via its registered agent on April 16, 2021 putting Defendant on notice of its alleged violations of the CLRA, demanding that Defendant correct such violations, and providing it with the opportunity to correct its business practices.  If Defendant does not thereafter correct its business practices, Plaintiff will amend (or seek leave to

amend) the complaint to add claims for monetary relief, including restitution and actual damages under the Consumers Legal Remedies Act.

84.     Pursuant to California Civil Code § 1780, Plaintiff seeks injunctive relief, his reasonable attorney fees and costs, and any other relief that the Court deems proper.

## COUNT III

### Violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code §17200, *et seq.*

### Unlawful Business Practice

85.     Plaintiff hereby incorporates the foregoing paragraphs as though the same were set forth herein in their entirety.

86.     Plaintiff brings this claim individually and on behalf of the members of the Classes against Apple.

87.     The UCL prohibits "any unlawful, unfair or fraudulent business act or practice…." *Cal. Bus. & Prof. Code §17200*.  Apple's acts and practices are unfair in that (i) they are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers; (ii) they harm consumers in a manner far outweighing any legitimate utility of their conduct; (iii) the injury was not one that consumers reasonably could have avoided; and (iv) they were contrary to legislatively declared and public policy.

88.     Apple's continuing imposition and enforcement of the unconscionable and unlawful clause in its *Terms and Conditions*, granting Apple unfettered discretion to terminate its customers' Apple IDs merely on suspicion of a breach of the same and imposing a prohibited liquidated damages provision, constitutes unlawful business practices in violation of *Bus. & Prof. Code §§ 17200 et seq*.  The subject clause states:

TERMINATION AND SUSPENSION OF SERVICES

24

1697079-1

> If you fail, **or Apple suspects that you have failed**, to comply with any of the provisions of this Agreement, Apple may, without notice to you: (i) **terminate this Agreement and/or your Apple ID**, and you will remain liable for all amounts due under your Apple ID up to and including the date of termination; and/or (ii) terminate your license to the software; and/or (iii) preclude your access to the Services.
>
> Apple further reserves the right to modify, suspend, or discontinue the Services (or any part or Content thereof) at any time with or without notice to you, and Apple will not be liable to you or to any third party should it exercise such rights.

(Emphasis added).

89.     The above clause in its *Terms and Conditions* permitting Apple to terminate Plaintiff's and the Class Members' Apple IDs on *mere* suspicion is immoral, unethical, oppressive, unscrupulous, and substantially injurious to its consumers.

90.     Here Apple *suspected* that Plaintiff breached its *Terms and Conditions* and was able, due to the subject clause, and seized $24,590.05 worth of his property by terminating his Apple ID also preventing Plaintiff from accessing the $7.63 still available in his Apple Account for purchases.

91.     Due to the subject unconscionable clause, Apple does not have to confirm that a breach occurred or give Plaintiff and the Class Members notice, due process, or even an explanation before it terminated their Apple IDs and seized their property.

92.     Further, while Apple does not identify the above clause in its *Terms and Conditions* as a liquidated damages provision, it nonetheless operates as such a provision.

93.     By determining that Apple will terminate its customers' Apple IDs in the event of a breach of its *Terms and Conditions*, the sum is fixed and certain by agreement at the value of its customers' Apple IDs when Apple terminates them.

1697079-1

94.     The clause at issue is a liquidated damages clause because, while it does not state a fixed and certain amount, it provides a formula by which the amount is certain or readily ascertainable.  Here, the amount is certain and/or readily ascertainable because the amount is  the value of the breaching customer's Apple ID when Apple terminates the Apple ID.  While the value of each customer's Apple ID may vary, the value of the account when Apple terminates the Apple ID is the liquidated damage.

95.     Further, Apple's continuing imposition and enforcement of its unlawful, unconscionable, and unenforceable liquidated damages clause, as set forth above, constitutes an unlawful business practice in violation of *Bus. & Prof. Code §§ 17200 et seq*.

96.     Plaintiff and the Class Members have suffered harm as a proximate result of Apple's violations of law and wrongful conduct as alleged herein.

97.     The inclusion of the subject clause in Apple's *Terms and Conditions* and its cancelation of Plaintiff's and the Class's Apple IDs also violate Civil Code § 1670.5 because the liquidated damages clause is unconscionable.

98.     Apple's prospective customers have no meaningful choice with respect to the inclusion of the subject clause in the *Terms and Conditions* nor in the amount or manner of the liquidated damages.  The *Terms and Conditions* is drafted by Apple and presented to prospective customers on a "take it or leave it" basis with no opportunity or possibility of negotiating any different terms and conditions with Apple.  As such, the subject provision in Apple's *Terms and Conditions* is procedurally unconscionable.

99.     The subject clause is unreasonably favorable to Apple and unduly harsh with respect to its customers and therefore is substantively unconscionable.  For example, Apple only has to suspect that its customers breached its *Terms and Conditions* and it can seize their property.

Further, terminating its customer's Apple IDs has no relationship whatsoever to any damages incurred by Apple, if any, as a result of a suspected breach of its *Terms and Conditions*.

100.     By granting itself the sole discretion to determine a breach of its *Terms and Conditions* based *mere* suspicion and then terminating Plaintiff's and the Classes' Apple IDs as a result thereof, Apple violated the *Consumers Legal Remedies Act, Civil Code § 1750 et seq.*, as the subject clause is an unconscionable, unenforceable, and illegal provision in violation of *Civil Code §§ 1770(a)(4), (a)(9), (a)(14), (a)(16) and (a)(19)*.

101.     Plaintiff and the Class members have suffered an injury in fact resulting in the loss of money and/or property as a result of Apple suspecting that they have breached its *Terms and Conditions* and Apple terminating their Apple IDs.

102.     Pursuant to *Bus. & Prof. Code § 17203*, Plaintiff seeks an order of this Court permanently enjoining Apple from continuing to engage in its unfair and unlawful conduct as alleged herein.

103.     Plaintiff also seeks, *inter alia*, an order requiring Apple to:

    a.     cease its unlawful acts and practices as set forth herein;

    b.     make full restitution of the value of all terminated Apple IDs;

    c.     make full restitution of the diminished value of all Apple devices that had a terminated Apple ID associated with them;

    d.     disgorge all ill-gotten revenues and/or profits; and

    e.     provide such other and further relief as may be just and proper.

**WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

## <u>COUNT IV</u>

**Violation of California's Unfair Competition Law ("UCL"),
California Business and Professions Code §§ 17200, *et seq*.**

**Unfair Business Practice**

104.    Plaintiff hereby incorporates the foregoing paragraphs as though the same were set forth herein in their entirety.

105.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Apple.

106.    Apple's conduct, as herein alleged, constitutes an unfair business practice within the meaning of *Bus. & Prof. Code §§ 17200, et seq*.

107.    Apple violated the "unfair" prong of the UCL by requiring Plaintiff and the Class Members to enter into contracts of adhesion which include the Apple ID termination provision, by enforcing the contractual provisions that provide for the termination of its customers' Apple IDs, and by terminating its customers' Apple IDs.

108.    Apple's practices with respect to the termination of its customers' Apple IDs violate the "unfair" prong of the UCL because the termination of the Apple IDs: (1) constitutes unfair and wrongful penalties inconsistent with the language and policy of *Civil Code § 1671*; and (2) constitute unconscionable provisions, in violation of various laws and policies recognized by the California Legislature and the California courts, including without limitation *Civil Code § 1670.5* and the CLRA.

109.    Apple's practices with respect to the termination of its customers' Apple IDs also violate the "unfair" prong of the UCL because the utility of terminating Apple IDs is significantly outweighed by the gravity of the harm that it imposes on its consumers.

110.    The termination of Apple IDs has limited or no utility as compared with alternatives that would more fairly measure the harm (if any) incurred by Apple when its customers violate its *Terms and Conditions*.

1697079-1

111.    The gravity of the harm that the termination of its customers' Apple IDs imposed on its customers is substantial in that it grossly exceeds the actual amount of harm (if any) incurred by Apple when a customer breaches its *Terms and Conditions*.

112.    Through its termination of its customers' Apple IDs, Apple has been massively and unjustly enriched.

113.    Apple's termination of its customers' Apple IDs also violates the "unfair" prong of the UCL because the inclusion of the subject clause permitting the same in its *Terms and Conditions*, is and, at all times relevant hereto, has been oppressive, unscrupulous, and/or substantially injurious to its customers as set forth herein.

114.    Apple's practices, with respect to terminating its customers' Apple IDs, also violate the "unfair" prong of the UCL because the inclusion of the subject clause in its *Terms and Conditions* and Apple's enforcement of the same causes substantial harm that is not outweighed by countervailing benefits to consumers or competition, and its customers could not reasonably have avoided the harm.

115.    Apple's practices with respect to the termination of its customers' Apple IDs also violate the "unfair" prong of the UCL for the reasons set forth in Count III, above.

116.    Plaintiff and the Class Members have suffered an injury in fact resulting in the loss of money and/or property as a result of having their Apple IDs terminated.

117.    Pursuant to *Bus. & Prof. Code § 17203*, Plaintiff seeks an order of this Court permanently enjoining Apple from continuing to engage in its unfair and unlawful conduct as alleged herein.  Plaintiff also seeks an order requiring Apple to:

a.    cease its unlawful acts and practices as set forth herein;

b.    make full restitution of the value of all terminated Apple IDs;

c.      make full restitution of the diminished value of all Apple devices that had

a terminated Apple ID associated with them;

d.      disgorge all ill-gotten revenues and/or profits; and

e.      Provide such other and further relief as may be just and proper.

**WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

## <u>COUNT V</u>

**Violation Of California's Unfair Competition Law ("UCL"),
California Business & Professions Code §§ 17200, *et seq.***

### Fraudulent Business Practices

118.    Plaintiff hereby incorporates the foregoing paragraphs as though the same were set forth herein in their entirety.

119.    Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

120.    Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include . . . fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

121.    Defendant violated the "unlawful" prong of the UCL by violating the CLRA and the FAL, as referenced herein.

122.    Defendant violated the "fraudulent" prong of the UCL by requiring Plaintiff and the Classes to enter into contracts of adhesion which include the Apple ID termination provision, by enforcing the contractual provisions that provide for the termination of its customers' Apple IDs, by terminating its customers' Apple IDs, and/or by preventing its customers from accessing any unused money in their Apple Accounts.

123.    Defendant also violated the "fraudulent" prong of the UCL by representing that customers' Apple IDs and the money in their accounts is valuable and can be used to purchased Content, when in Apple prevents its customers from accessing the Content they paid for when it terminates their Apple IDs, and if these customers have any unused money in their Apple Accounts, they lose access to those unspent funds as well.

124.    Plaintiff and the Class Members lost money or property as a result of Defendant's UCL violations because they would not have entered into a contract with Apple and/or created an Apple ID on the same terms if they knew that the representations Apple made as stated herein were false or misleading.

## COUNT VI

### Violation Of California's False Advertising Law ("FAL"), California Business & Professions Code §§ 17500, *et seq.*

125.    Plaintiff hereby incorporates the foregoing paragraphs as though the same were set forth herein in their entirety.

126.    Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

127.    California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq*., makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

128.     Defendant committed acts of false advertising, as defined by §§ 17500, *et seq*., by requiring Plaintiff and the Class Members to enter into contracts of adhesion which include the Apple ID termination provision, by enforcing the contractual provisions that provide for the termination of its customers' Apple IDs, by terminating its customers' Apple IDs, and/or preventing its customers from accessing any unused money in their Apple Accounts.

129.     Defendant also violated the FAL by representing that customers' Apple IDs and the money in their accounts is valuable and can be used to purchased Content, when in reality Apple prevents its customers from accessing the Content they paid for when it terminates their Apple IDs, and if these customers have any unused money in their Apple Accounts, they lose access to those unspent funds as well.

130.     Defendant knew or should have known through the exercise of reasonable care that its representations it made were untrue and misleading.

131.     Defendant's actions in violation of §§ 17500, *et seq*. were false and misleading such that the general public is and was likely to be deceived.  Plaintiff and the Class Members lost money or property as a result of Defendant's FAL violations because they would not have entered into a contract with Apple and/or created an Apple ID on the same terms if they knew that the representations Apple made as stated herein were false or misleading.

## <u>COUNT VII</u>

### Conversion

132.     Plaintiff hereby incorporates the foregoing paragraphs as though the same were set forth herein in their entirety.

133.     Plaintiff brings this claim individually and on behalf of the members of the Classes against Apple.

CLASS ACTION COMPLAINT

1697079-1

134.    By unlawfully, as set forth above, terminating Plaintiff's and the Class members' Apple IDs, Apple has wrongfully exercised dominion over the property, *i.e.* money, Apps, services, TV shows, movies, music, books and/or Content in their Apple accounts, of Plaintiff and the Class.

135.    Plaintiff and the Classes have an ownership interest in, or have a right to the possession of, the money, Apps, services, TV shows, movies, music, books, and/or Content they purchased through Apple and which are only accessible using their Apple IDs, which Apple unlawfully, as set forth above, terminated.

136.    Apple intentionally interfered with the rights of Plaintiff and the Classes when it unlawfully terminated their Apple IDs, as set forth above, thus depriving them of the money, Apps, services, TV shows, movies, music, books, and/or Content in their terminated Apple accounts.

137.     Plaintiff and the Classes demand the return of the money, Apps, services, TV shows, movies, music, books, and/or Content in their terminated Apple accounts.

138.    Apple's unlawful termination of Plaintiff's and the Class Members' Apple IDs deprived Plaintiff and the Classes of the money, Apps, services, TV shows, movies, music, books, and/or Content in their terminated Apple accounts.

139.    This interference with the money, Apps, services, TV shows, movies, music, books, and/or Content in their terminated Apple accounts damaged Plaintiff and the Class Members in that they owned and/or paid for this content and can no longer access or utilize it.

140.    Plaintiff and the Class Members are entitled to the return of the money, Apps, services, TV shows, movies, music, books, and/or Content in their terminated Apple accounts or the monetary value of the same.

WHEREFORE, Plaintiff prays for judgment against Defendant Apple along with punitive damages, costs, attorneys' fees, and whatever other relief the Court deems appropriate.

## COUNT VIII

### Trespass to Chattels Under California Law

141.    Plaintiff hereby incorporates the foregoing paragraphs as though the same were set forth herein in their entirety.

142.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Apple.

143.    Plaintiff and the Class members maintained actual or constructive possession of their Apple devices during the time period in which Apple terminated their Apple IDs.

144.    Defendant Apple intentionally interfered with Plaintiff's and the Class Members' use of their Apple devices by terminating their Apple IDs, which prevented them from being able to access the money, services, Apps, music, movies, TV shows, books, or Content in their terminated Apple accounts and which were only accessible through their Apple IDs.

145.     Plaintiff and the Classes do not consent to Apple's interference.

146.    Apple's interference was the actual and proximate cause of injury to Plaintiff and the Classes because it actually and substantially harmed the functioning of their Apple devices by preventing Plaintiff and the Classes from accessing the money, services, Apps, music, movies, TV shows, books, or Content in their terminated Apple accounts, on their Apple devices.

147.    This harm to the functioning of their Apple devices significantly impaired the devices' condition, quality, and value.

148.    Apple's interference was malicious and oppressive.

1697079-1

149.    Apple knew and intended that its conduct would cause injury to Plaintiff and the Class.

150.    Apple acted despicably and with conscious disregard of Plaintiff's and the Classes' rights.

151.    As a result of Apple's interference with their Apple devices, Plaintiff and the Classes are entitled to recover the actual damages they suffered in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant Apple along with punitive damages, costs, attorneys' fees, and whatever other relief the Court deems appropriate.

## COUNT IX

### Unjust Enrichment

152.    Plaintiff hereby incorporates the foregoing paragraphs as though the same were set forth herein in their entirety.

153.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Apple.

154.    Plaintiff and putative Class Members conferred a benefit on Defendant when they purchased an Apple device and/or created an Apple ID and purchased Content.  By its wrongful, illegal, and unconscionable acts and omissions described herein, including requiring Plaintiff and the Classes to enter into contracts of adhesion which include the Apple ID termination provision, by enforcing the contractual provisions that provide for the termination of its customers' Apple IDs, by terminating its customers' Apple IDs, and/or preventing its customers from accessing any unused money in their Apple Accounts, Defendant was unjustly enriched at the expense of Plaintiff and putative Class Members.

155.    Plaintiff's detriment and Defendant's enrichment were related to and flowed from the wrongful, illegal, and unconscionable conduct challenged in this Complaint.

156.    Defendant has profited from its unlawful, unfair, unconscionable, and illegal practices at the expense of Plaintiff and putative Class Members under circumstances in which it would be unjust for Defendant to be permitted to retain the benefit.  It would be inequitable for Defendant to retain the profits, benefits, and other compensation obtained from its wrongful, illegal, and unconscionable conduct as described herein.

157.    Defendant has been unjustly enriched in retaining the revenues derived from Class Members' purchases of an Apple device and/or creation of an Apple ID and/or purchases of Content, which retention of such revenues under these circumstances is unjust and inequitable because Defendant requires Plaintiff and the Class Members to enter into contracts of adhesion which include the Apple ID termination provision, enforces the contractual provisions that provide for the termination of its customers' Apple IDs, terminates its customers' Apple IDs and/or prevents its customers from accessing any unused money in their Apple Accounts, which caused injuries to Plaintiff and the putative Class Members because they would not have entered into a contract with Apple and/or created an Apple ID on the same terms but for Defendant's wrongful, illegal, and unconscionable conduct as described herein.

158.    Plaintiff and putative Class Members have been damaged as a direct and proximate result of Defendant's unjust enrichment because they would not have entered into a contract with Apple and/or created an Apple ID on the same terms but for Defendant's wrongful, illegal, and unconscionable conduct as described herein.

159.    Defendant either knew or should have known that payments rendered by Plaintiff and putative Class Members were given and received with the expectation that Plaintiff and the

Class would be able to create an Apple ID and/or purchase Content but instead Defendant requires Plaintiff and the Class Members to enter into contracts of adhesion which include the Apple ID termination provision, enforces the contractual provisions that provide for the termination of its customers' Apple IDs, terminates its customers' Apple IDs, and/or prevents its customers from accessing any unused money in their Apple Accounts.  It is inequitable for Defendant to retain the benefit of payments under these circumstances.

160.    Plaintiff and putative Class Members are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant.

161.    As a direct and proximate result of Defendant's wrongful conduct and unjust enrichment, Plaintiff and putative Class Members are entitled to restitution of, disgorgement of, and/or imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant for its inequitable, unconscionable, and unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays:

A.    For an order certifying the Nationwide Class and/or SubClass and appointing Plaintiff and the undersigned counsel of record to represent the Nationwide Class and/or SubClass;

B.    For a permanent injunction enjoining Apple, its partners, joint ventures, subsidiaries, agents, servants, and employees, and all persons acting under, in concert with them directly or indirectly, or in any manner, from in any way engaging in the unfair and unlawful practices and violations of law set forth herein;

C.    For full restitution of all funds acquired from Apple's unfair business practices and other violations of law, including disgorgement of profits;

D.    For imposition of a constructive trust upon all monies and assets Apple has acquired as a result of its unfair practices;

E.    For damages according to proof, except for no monetary damages under the CLRA;

F.    For punitive and/or treble damages except for no monetary damages under the CLRA;

G.    For a judicial declaration regarding the validity of Apple's liquidated damages provisions in its *Terms and Conditions*;

H.    For costs of suit herein;

I.    For both pre- and post-judgment interest on any amounts awarded;

J.    For payment of reasonable attorneys' fees; and

K.    For such other and further relief as the Court may deem proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.

Dated: April 20, 2021                    Respectfully submitted,

*/s/ Jonathan Shub*
Jonathan Shub (C.A. Bar No. 237708)
Kevin Laukaitis *
**SHUB LAW FIRM LLC**
134 Kings Hwy. E., 2nd Floor
Haddonfield, NJ 08033
Tel: (856) 772-7200
Fax: (856) 210-9088
jshub@shublawyers.com
klaukaitis@shublawyers.com

Troy M. Frederick*
Beth A. Frederick *
**FREDERICK LAW GROUP, PLLC**
836 Philadelphia Street
Indiana, PA 15701

38
<span style="font-variant:small-caps">Class Action Complaint</span>

1697079-1

Tel: (724) 801-8555
Fax: (724) 801-8358
tmf@FrederickLG.com
baf@FrederickLG.com

Keith T. Vernon*
Andrew Knox *
**TIMONEY KNOX, LLP**
400 Maryland Ave, PO Box 7544
Fort Washington, PA 19034-7544
Tel: (215) 646-6000
Fax: (215) 591-8258
kvernon@timoneyknox.com
aknox@timoneyknox.com

*Attorneys for Plaintiff and
the Proposed Class*

**Pro Hac Vice Application Forthcoming*

CLASS ACTION COMPLAINT

1697079-1

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Jonathan Shub, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court. I am an attorney at Shub Law Firm LLC, counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2. The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Northern District of California. I declare under the penalty of perjury under the laws of the State of New Jersey and/or California and the United States that the foregoing is true and correct and that this declaration was executed in Haddonfield, New Jersey this 20th day of April, 2021.

*/s/ Jonathan Shub*
Jonathan Shub

1697079-1